1 | Drew R. Hansen (SBN 218382)
2 | Jeffrey R. Makin (SBN 252426)
  | **ARENT FOX LLP**
3 | 555 West Fifth Street, 48th Floor
  | Los Angeles, CA  90013-1065
4 | Telephone:  213.629.7400
  | Facsimile:  213.629.7401
5 | Email:    hansen.drew@arentfox.com
  | Email:    makin.jeffrey@arentfox.com
6 | Attorneys for Defendants
7 | C.R. ENGLAND, INC.; HORIZON TRUCK
  | SALES AND LEASING; and EAGLE
8 | ATLANTIC FINANCIAL SERVICES, INC.

```
FILED
CLERK, U.S. DISTRICT COURT

AUG - 2 2010
12:55
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY
```

9 |                 UNITED STATES DISTRICT COURT

10 |      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12 | WALTER MOUNCE, as an
   | individual and on behalf of all others
13 | similarly situated,

Case No. **CV 10  5727** - SVW (Ex)

14 |                          Plaintiff,

15 | v.

**NOTICE OF REMOVAL OF CLASS
ACTION PURSUANT TO 28 U.S.C.
§§ 1332, 1441, and 1446**

16 | C.R. ENGLAND, INC., a Utah
   | corporation; HORIZON TRUCK
17 | SALES AND LEASING, a Utah
   | corporation; EAGLE ATLANTIC
18 | FINANCIAL SERVICES, INC., a
   | Utah corporation; and DOES 1
19 | through 30, inclusive,

Complaint Filed:     June 18, 2010
Trial Date:          None

20 |                          Defendants.

21

22

23

24

25

26

27

28



ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants C.R. England, Inc., Horizon Truck Sales and Leasing, and Eagle Atlantic Financial Services, Inc. (collectively "Defendants") hereby remove this case from the Superior Court of Los Angeles County, California, to the United States District Court for the Central District of California.

All Defendants join in this removal, and in support thereof, Defendants state the following:

## I.    THE ACTION

1.    Plaintiff Walter Mounce filed his Class Action Complaint for Damages and Equitable Relief (the "Complaint"), captioned *Mounce et al. v. C.R. England, Inc. et al.*, Case No. BC440007, in the Superior Court of Los Angeles County, California on June 18, 2010. The Complaint purports to allege the following causes of action: (1) Fraud/Deceit (Concealment); (2) Fraud/Deceit (Misrepresentation); (3) Negligent Misrepresentation; (4) Unfair Competition (Cal. Bus. & Prof. Code § 17500 et seq.); and (5) False Advertising (Cal. Bus. & Prof. Code § 17200 et seq.). Copies of all the pleadings and papers filed by Plaintiff in the Superior Court of Los Angeles County, California of which Defendants are aware are attached hereto as Exhibit A.

## II.   THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)

### A.    Statutory Grounds For Removal

2.    This action is removable under 28 U.S.C. §§ 1441(a), 1441(b), and 1453. Sections 1441(a) and (b) provide for the removal of state court civil actions over which United States District Courts have original jurisdiction. As explained in greater detail below, this Court has original jurisdiction over this case under 28

1    U.S.C. § 1332(d)(2) because this is a class action in which the proposed class

2    includes at least 100 members, the amount in controversy exceeds $5 million

3    (exclusive of interest and costs), and Plaintiff and Defendants are citizens of

4    different states.  Accordingly, this action is removable pursuant to 28 U.S.C.

5    § 1453, which provides that a class action may be removed to a federal district

6    court in accordance with 28 U.S.C. § 1446.

7         **B.    <u>The Parties Are Citizens Of Different States</u>**

8         3.    Plaintiff Walter Mounce is a citizen of California.  *See* Ex. A,

9    Complaint ¶¶ 4-5.

10        4.    Defendant C.R. England, Inc. ("C.R. England") is incorporated in Utah

11   with its principal place of business in Utah.

12        5.    Horizon Truck Sales and Leasing ("Horizon") is a d/b/a for

13   Opportunity Leasing, Inc.  Opportunity Leasing, Inc. is incorporated in Utah with

14   its principal place of business in Utah.

15        6.    Defendant Eagle Atlantic Financial Services, Inc. ("Eagle") is

16   incorporated in Utah with its principal place of business in Utah.

17        7.    Defendants are thus each citizens of Utah.  *See* 28 U.S.C. § 1332(c)

18   ("[A] corporation shall be deemed to be a citizen of any State by which it has been

19   incorporated and of the State where it has its principal place of business.").

20        8.    Plaintiff's naming of unidentified "Doe" defendants is irrelevant to

21   removability.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this

22   chapter, the citizenship of defendants sued under fictitious names shall be

23   disregarded.").

24        9.    Plaintiff and Defendants are thus citizens of different states, and the

25   diversity requirements of 28 U.S.C. §§ 1332(a)(1) and 1332(d)(2) are satisfied.

26        **C.    <u>In The Aggregate, The Proposed Subclasses Exceed 100 Members</u>**

27        10.    Plaintiff proposes a class action lawsuit within the meaning of 28

28   U.S.C. §§ 1332(d)(2) and 1453.  Those statutes provide that a class action is a civil

1   action filed either under Rule 23 of the Federal Rules of Civil Procedure or under a

2   similar state statute or rule that authorizes one or more representative persons to

3   maintain a class action.  In this case, Plaintiff's Complaint expressly states that

4   Plaintiff has filed his complaint under California Code of Civil Procedure Section

5   382, which authorizes representative class actions.  *See* Ex. A, Complaint ¶ 34

6   ("This is a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of

7   Plaintiff(s) . . . .").

8            11.     According to paragraph 35 of the Complaint, Plaintiff seeks to

9   represent four purported subclasses as follows:

10                    a.  "Graduates of C.R. ENGLAND truck driving school"

11                        (hereinafter "Graduates Subclass");

12                    b.  "Employees/Independent Contractors of C.R. ENGLAND"

13                        (hereinafter "Employees/Independent Contractors Subclass");

14                    c.  "Truck driver students who retained financing through EAGLE

15                        FINANCING" (hereinafter "Financing Subclass"); and

16                    d.  "Independent Contractors/Employees who leased a truck

17                        through HORIZON" (hereinafter "Leasing Subclass").

18            12.     Although these definitions are not clear and the composition of the

19   proposed subclasses is therefore uncertain, and although Defendants contend that

20   certification of any class is not justified, Defendants believe the aggregate number

21   of the proposed subclasses based on Plaintiff's allegations exceeds 100 members.

22   In fact, Plaintiff alleges that the proposed subclasses include "*hundreds* of

23   individuals throughout California." *Id.* ¶ 38 (emphasis added).

24            13.     <u>Graduates Subclass</u>:  This proposed subclass consists of "all truck

25   drivers trained . . . by Defendants within the State of California." *Id.* ¶ 34.  The

26   subclass therefore purportedly includes all graduates of C.R. England between June

27   18, 2006 and June 18, 2010. *Id.*

28

14.    <u>Employees/Independent Contractors Subclass</u>:  This subclass consists of "all truck drivers … employed by Defendants within the State of California."  *Id.*  The subclass therefore purportedly includes all individuals who were employees/independent contractors of C.R. England between June 18, 2006 and June 18, 2010.  *Id.*

15.    <u>Financing Subclass</u>:  This subclass consists of "all truck drivers trained and employed by Defendants within the State of California, who retained financing through EAGLE FINANCING."  *Id.*  The subclass therefore purportedly includes individuals who obtained such financing between June 18, 2006 and June 18, 2010.  *Id.*

16.    <u>Leasing Subclass</u>:  This subclass consists of "all truck drivers trained and employed by Defendants within the State of California, who … leased a truck through HORIZON."  *Id.*  The subclass therefore purportedly includes individuals who leased trucks between June 18, 2006 and June 18, 2010.  *Id.*

17.    Regardless of how Plaintiff's insufficient definitions are interpreted, the proposed subclasses contain more than 100 members, and the jurisdictional exclusion for classes of fewer than 100 members does not apply.  *See* 28 U.S.C. § 1332(d)(5)(B).

18.    From a review of their records, Defendants have determined that from June 18, 2006 to June 18, 2010, approximately 4,000 different California residents worked as independent contractors/employees of C.R. England.  Those individuals would be members of the purported Employees/Independent Contractors Subclass if such a class were certified (which again Defendants dispute).  Most of those individuals could also be members of the Graduates Subclass, the Financing Subclass, and the Leasing Subclass, respectively.

**D.    <u>The Amount In Controversy Exceeds $5 Million</u>**

19.    Defendants deny all of Plaintiff's material allegations.  Without admitting that they are engaged in any improper conduct, that Plaintiff's claims

1    have any merit or are suitable for class certification, or that Plaintiff and the

2    putative class are entitled to any of the relief requested, the $5 million jurisdictional

3    threshold is met by considering just some of the claims and only a portion of the

4    purported class members. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the

5    claims of the individual class members shall be aggregated to determine whether

6    the matter in controversy exceeds the sum or value of $5,000,000, exclusive of

7    interest and costs."); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)

8    (concluding that a notice of removal need only set forth the underlying facts

9    supporting the amount in controversy).

10        20.    As noted above, based on the stated assumptions about the scope of

11    Plaintiff's ambiguously-defined subclasses, Defendants estimate that there are

12    approximately 4,000 members of the Financing Subclass.  Moreover, Plaintiff

13    alleges that but for Defendants' alleged false representations, the purported

14    Financing Subclass would not have obtained financing in the amount of $2,995.00

15    through Eagle.  One measure of the purported Financing Subclass' alleged damages

16    would thus be the amount that the members of the subclass allegedly spent in

17    reliance on Defendants' alleged false representations.  *See* Ex. A, Complaint ¶ 18;

18    Cal. Civ. Code § 3333 ("For the breach of an obligation not arising from contract,

19    the measure of damages, except where otherwise expressly provided by this code, is

20    the amount which will compensate for all the detriment proximately caused

21    thereby, whether it could have been anticipated or not.").

22        21.    Based on Plaintiff's allegations, the Financing Subclass' alleged

23    damages, which Defendants dispute, would be approximately $11.9 million (i.e.,

24    4,000 x $2,995), which is well above the $5 million jurisdictional minimum.  After

25    accounting for the other subclasses' alleged damages, it is clear that the damages

26    sought by Plaintiff are well above the $5 million jurisdictional minimum.

27    **III.  VENUE**

28        22.    Defendants are required to remove the underlying state court action to

1    this Court pursuant to 28 U.S.C. § 1441(a), because the United States District Court

2    for the Central District of California, Western Division embraces Los Angeles

3    County and the suit was originally filed in the Superior Court of Los Angeles

4    County, California.

5    **IV.    TIMELINESS OF REMOVAL**

6          23.    Pursuant to 28 U.S.C. § 1446(b), a defendant must file its notice of

7    removal within 30 days of receiving a copy of the complaint.  Defendants Eagle and

8    Horizon were served with the Summons and Complaint on July 2, 2010.  Defendant

9    C.R. England was served with the Summons and Complaint on July 6, 2010.  Thirty

10   days from July 2, 2010 is Sunday, August 1, 2010.  Defendants Eagle and

11   Horizon's notice of removal is accordingly due to be filed by Monday, August 2,

12   2010.  Thirty days from July 6, 2010 is Thursday, August 5, 2010.  Defendant C.R.

13   England's notice of removal is accordingly due to be filed by Thursday, August 5,

14   2010.  *See* Fed. R. Civ. P. 6(a); *Poway Unified Sch. Dist. v. Stewart*, 2007 WL

15   3053039, at *1 (S.D. Cal. 2007); *Williams v. Leonard*, 2003 WL 163183, at *1

16   (N.D. Cal. 2003).

17   **V.    NOTICE TO ADVERSE PARTIES AND TO STATE COURT CLERK**

18          24.    Pursuant to 28 U.S.C. § 1446(d), Defendants will give written notice

19   of this removal to Plaintiff and to the Clerk of the Superior Court of Los Angeles

20   County, California.  Specifically, promptly after filing this Notice of Removal,

21   Defendants will send to Plaintiff's counsel and will file with the Clerk of the

22   Superior Court of Los Angeles County, California a Notice of Removal to Adverse

23   Parties and State Court Clerk, a true and correct copy of which is attached hereto as

24   Exhibit B.

25   //

26   //

27   //

28   //

## VI.   NO WAIVER

25.   By filing this Notice of Removal, Defendants do not waive any of their rights or defenses.

WHEREFORE, Defendants respectfully remove this case to this Court.

Dated:        August 2, 2010                    Arent Fox LLP


By: _____
Drew Hansen
Jeffrey R. Makin

Attorneys for Defendants
C.R. England, Inc., Horizon Truck
Sales and Leasing, and Eagle
Atlantic Financial Services, Inc.

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)



**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**FILED**
Los Angeles Superior Court

**JUN 18 2010**

John A. Clarke, Executive Officer/Clerk

By _____ , Deputy
SHAUNNA WESLEY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
C.R. ENGLAND, INC., a Utah corporation; HORIZON TRUCK SALES AND
LEASING, a Utah corporation; EAGLE ATLANTIC FINANCIAL SERVICES,
INC., a Utah corporation: and DOES 1 through 30: inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
WALTER MOUNCE, as an individual and on behalf of all others similarly
situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es:) | **CASE NUMBER:**<br>(Número del Caso): **C 440 007** |

Los Angeles County Superior Court
111 N. Hill St., Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
KESLUK & SILVERSTEIN, P.C.
9255 Sunset Boulevard, Suite 411, Los Angeles, CA 90069    Telephone: (310) 273-3180

| | | |
|---|---|---|
| DATE:<br>(Fecha) **JUN 18 2010** | Clerk, by<br>(Secretario) S. WESLEY | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>www.CalCourtForms.com |

EXHIBIT A P_ _ 8

1 Douglas N. Silverstein, Esq. (SBN 181957)
  David A. Cohn, Esq. (SBN 184380)
2 KESLUK & SILVERSTEIN, P.C.
  9255 Sunset Boulevard, Suite 411
3 Los Angeles, California 90069-3309
  Telephone: (310) 273-3180
4 Facsimile: (310) 273-6137
5 dsilverstein@californialaborlawattorney.com
  dcohn@californialaborlawattorney.com
6

**FILED**
Los Angeles Superior Court

JUN 18 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNNA WESLEY

7 Attorneys for Plaintiff WALTER MOUNCE and the Putative Class

A6013

91752

8

9              **SUPERIOR COURT OF CALIFORNIA**

10        **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

11 WALTER MOUNCE, as an individual and        CASE NO.   **BC440007**
   on behalf of all others similarly situated,
12                                             **CLASS ACTION COMPLAINT FOR**
                Plaintiff,                     **DAMAGES AND EQUITABLE RELIEF**
13
       v.                                      1. **FRAUD/DECEIT (CONCEALMENT);**
14
   C.R. ENGLAND, INC., a Utah                  2. **NEGLIGENT**
15 corporation; HORIZON TRUCK SALES               **MISREPRESENTATION;**
   AND LEASING, a Utah corporation;
16 EAGLE ATLANTIC FINANCIAL             3. **UNFAIR COMPETITION PURSUANT**
   SERVICES, INC., a Utah corporation; and    **TO BUSINESS & PROFESSIONS**
17 DOES 1 through 30; inclusive,               **CODE §17500; and**

18                Defendants.                  4. **FALSE ADVERTISING PURSUANT**
                                                 **TO BUSINESS & PROFESSIONS**
19                                               **CODE §17200.**

20                                             **DEMAND FOR JURY TRIAL**
                                               **UNLIMITED JURISDICTION**
21

22                              **I**

23                   **GENERAL ALLEGATIONS**

24      1.     Plaintiff WALTER MOUNCE, an individual, on behalf of himself and on behalf
25 of all others similarly situated, complains of Defendant C.R. ENGLAND, INC. (hereafter
26 "ENGLAND"), a Utah corporation, HORIZON TRUCK SALES AND LEASING (hereafter
27 "HORIZON"), a Utah corporation, EAGLE ATLANTIC FINANCIAL SERVICES (hereafter
28 "EAGLE"), a Utah corporation, and each of them, as follows:

                                    1
           CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

2.     This is a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of Plaintiff(s) and all truck drivers trained and employed by Defendants within the State of California, in the four years prior to the filing of this Complaint.

## II

## VENUE

3.     Venue is proper in this judicial district, pursuant to Code of Civil Procedure §395. Plaintiff is informed and believes, and thereon alleges, that each and every Defendant maintains an office, transacts business, has agents, or is in the County of Los Angeles.  Many of the unlawful acts alleged have occurred or caused injury to students/trainees/employees of C.R. ENGLAND within the State of California and, more particularly, within the County of Los Angeles.  Plaintiff is also informed and believes, and thereon alleges, that Defendants have contracted and caused injury to the residents of Los Angeles County.

**A.    Plaintiff**

4.     Plaintiff WALTER MOUNCE lives, and at all times relevant lived, in Newhall California, Los Angeles County.

5.     Plaintiff is informed and believes, and thereon alleges, that members similarly situated reside throughout the State of California, including in Los Angeles County, including individuals residing in Los Angeles County.

**B.    Defendant**

6.     Defendant C.R. ENGLAND (hereafter "C.R. ENGLAND") is a truck driving company that trains and hires truckers in California.  Plaintiff is informed and believes, and thereon alleges, that Defendant C.R. ENGLAND owns and operates a location in Mira Loma, Riverside County, California.  Plaintiff is further informed and believes, and thereon alleges, that Defendant C.R. ENGLAD is authorized to do business in the State of California.

7.     Defendant C.R. ENGLAND trained and/or employed Plaintiff, and others similarly situated, in the State of California.

8.     Defendant HORIZON TRUCK SALES AND LEASING (hereafter "HORIZON") is also incorporated in the State of Utah.  Plaintiff is informed and believes, and thereon alleges,

2

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

EXHIBIT A   PAGE 10

1   that HORIZON leases trucks to C.R. ENGLAND employees and/or independent contractors in

2   the State of California, including Los Angeles County.

3         9.     Defendant EAGLE ATLANTIC FINANCIAL SERVICES, INC. (hereafter

4   "EAGLE") is incorporated in the State of Utah.  Plaintiff is informed and believes, and thereon

5   alleges, that EAGLE finances the tuition of C.R. ENGLAND truck driving students throughout

6   the State of California, including Los Angeles County.

7         10.    The true names and capacities, whether individual, corporate, associate, or

8   otherwise, of Defendants sued herein as Does 1 through 30, inclusive, are currently unknown to

9   Plaintiff who therefore sues Defendants by such fictitious names under Code of Civil Procedure §

10  474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants

11  designated herein as a DOE is legally responsible in some manner for the unlawful acts referred

12  to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and

13  capacities of the Defendants designated hereinafter as DOES when such identities become

14  known.

15        11.    Defendants and each of them are all jointly controlled, owned and operated by the

16  same individuals and entities and are operated in cooperation and tandem to commit the

17  fraudulent and unlawful acts as alleged herein.

18        12.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant

19  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint

20  scheme, business plan, conspiracy or policy in all respects pertinent hereto, and the acts of each

21  Defendant are legally attributable to the other Defendant.  References to "Defendants" include

22  Defendants ENGLAND, HORIZON, EAGLE and all other Doe Defendants.

23                                  III

24                        **FACTUAL BACKGROUND**

25        13.    Plaintiff WALTER MOUNCE learned about C.R. ENGLAND's truck driving

26  training program in or around November 2008 after viewing promotional materials on-line on the

27  company's official website.

28        14.    C.R. ENGLAND's advertising was aimed at individuals in vulnerable situations

---

3

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  such as the unemployed and other individuals in precarious financial situations, specifically those

2  new to the trucking industry.

3       15.    Plaintiff enrolled in C.R. ENGLAND's truck driver training program in or around

4  November or December 2008.

5       16.    ENGLAND advertised that students had three options for financing their tuition;

6  retaining financing through EAGLE FINANCING, paying in full, or enrolling in the Independent

7  Contractor Program.

8       17.    Upon completion of the training program, advertising materials avowed that

9  ENGLAND "guaranteed" truck driving students a job as a C.R. ENGLAND truck driver.

10      18.    Plaintiff retained a loan from EAGLE FINANCING in the amount of

11 approximately $2,995.00 and entered into an agreement to become an independent contractor,

12 relying on Defendants' representations that he would be "guaranteed" a job upon completing his

13 training and make over $400 a week during training and after becoming officially employed by

14 C.R. ENGLAND.  Based on these representations, Plaintiff, and others similarly situated,

15 reasonably believed they would be in a financial position to repay the student loan.

16      19.    Defendants intentionally, recklessly or in the least negligently, made salary

17 "estimates" knowing them to be false.

18      20.    Defendants intentionally, recklessly or in the least negligently, did not disclose that

19 paychecks the Plaintiff and the class would be subject to enormous deductions such that Plaintiff

20 and the class would not earn the amount approximated in the advertisements.

21      21.    The truck driving training program purportedly involved two phases.  The first

22 phase involved classroom training, with transportation and housing provided by C.R.

23 ENGLAND, followed by thirty-day "on-the-job" training.  During this "on-the-job" training,

24 Defendant C.R. ENGLAND advertised students would be paid approximately $430 a week.

25      22.    Plaintiff participated in Phase I of training beginning in or about January 2009.

26 During this time, Defendants made deductions from Plaintiff's paycheck including driver legal

27 fees, student loan payments, reserve and comdata cash advances.  Because of these deductions,

28 Plaintiff's paychecks were for amounts far below $430 a week, and over half of this amount went

4

1   to paying exorbitant fees which were not reasonably anticipated by the drivers/students.

2       23.     Phase II of the program advertised that for sixty (60) days drivers would act as

3   "second-seat" drivers, making an average of $450 to $600 per week.

4       24.  •  Defendants again made various deductions including driver legal fees, student loan

5   payments, reserve and comdata cash advances, brining weekly paychecks far below the

6   approximations.

7       25.     Following the completion of the program, truck driving students had the option to

8   lease a truck from C.R. ENGLAND or remain a "second-seat" driver.  At some point, ENGLAND

9   added the option that truckers could "lease a truck with a six-month demo lease."

10      26.     Plaintiff's debt after attending C.R. ENGLAND's driving school had increased so

11  substantially that Plaintiff needed to get a job in order to pay off his tuition and leasing a truck

12  was advertised as Plaintiff's best option.

13      27.     C.R. ENGLAND touted that leasing a truck required no money down, no credit

14  requirements, and no cosigner.

15      28.     Further, per the terms of the Independent Contractor Program, after signing a truck

16  lease with HORIZON, C.R. ENGLAND, C.R. ENGLAND would pay (and/or reimburse to the

17  extent that the trainee/student had already paid) up to half of the students $55 per week loan

18  payment owed to EAGLE for up to half of the students/trainee's tuition, so long as the student

19  remained in the Independent Contract Program.

20      29.     Therefore, on or about June 2009, Plaintiff signed a leasing agreement with

21  HORIZON TRUCK SALES AND LEASING and C.R. ENGLAND.   The lease advertised a low

22  weekly payment, of $459 to $508, a low mileage rate, priority dispatch and many dedicated runs.

23      30.     Even upon "graduating" to employment with C.R. ENGLAND Plaintiff and others

24  similarly situated sank further and further into debt as a result of the fraud, false advertising and

25  unfair business practices committed by Defendants and each of them as herein alleged.

26      31.     Although Defendants know/knew that most members of the class are/were in

27  precarious financial positions, Defendants refused to disclose that large portions of Plaintiff's

28  paycheck would be deducted, leaving Plaintiff and Plaintiff's class insufficient earnings for

EXHIBIT  A  PAGE  13

1   Plaintiff and the class to live on.

2       32.    Defendants knew that Plaintiff and the class relied on the salary estimates in

3   deciding whether to train with Defendant C.R. ENGLAND, retain financing through Defendant

4   EAGLE FINANCING, and ultimately lease a truck with Defendant HORIZON as an employee of

5   C.R. ENGLAND.   Further, Defendants knew that Plaintiff and the class, after financing their

6   tuition, lease a truck and become employed by C.R. ENGLAND because accrued debt left them

7   little other choice.

8                                        **IV**

9                          **CLASS ACTION ALLEGATIONS**

10      33.    Plaintiff WALTER MOUNCE, an individual, on behalf of himself and on behalf

11  of all others similarly situated, complains to Defendants C.R. ENGLAND, INC., a Utah

12  corporation, HORIZON TRUCK SALES AND LEASING, a Utah corporation, and EAGLE

13  ATLANTIC FINANCIAL SERVICES, a Utah corporation.

14      34.    This is a Class Action, pursuant to Code of Civil Procedure §382, on behalf of

15  Plaintiff(s), including all truck drivers trained and employed by Defendants within the State of

16  California,  who retained financing through EAGLE FINANCING, and leased a truck through

17  HORIZON, in the four years prior to the filing of the Complaint.

18      35.    Plaintiff brings this action on behalf of others similarly situated as a class action

19  pursuant to §382 of the Code of Civil Procedure.  Plaintiff seeks to represent sub-classes

20  composed of and defined as follows:

21          a.  Graduates of C.R. ENGLAND truck driving school;

22          b.  Employees/Independent Contractors of C.R. ENGLAND;

23          c.  Truck driver students who retained financing through EAGLE FINANCING;

24              and

25          d.  Independent Contractors/Employees who leased a truck through HORIZON.

26      36. Plaintiff reserves the right under Rule 1855(b), California Rules of Court, to amend or

27  modify the class description with greater specificity or further division into subclasses or

28  limitation to particular issues.

6

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

37.  This action has been brought and may properly be maintained as a class action under the provisions of §382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

**A.    Numerosity**

38.  The potential members of the class as defined are so numerous that joinder of all members of the class is impracticable.  While the precise number of class members has not been determined at this time, Plaintiff is informed and believes that Defendants, trained and employed, and provided financing and leasing to, hundreds of individuals throughout California.

39.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all class members.  Joinder of the proposed class is not practicable.

**B.    Commonality**

40.  There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  These common questions of law and fact include, without limitation:

e.  Whether Defendants made false statements of important facts and/or concealed important facts regarding the salary that Plaintiff and the class members would earn intentionally, willfully or negligently;

f.  Whether Defendants had the intent to defraud Plaintiff and the class;

g.  Whether Defendants induced Plaintiff, and the class, to enter into contracts for employment, financing or a leasing agreements based on these representations; and

h.  Whether Plaintiff, and the class, were injured by Defendants' statements or Defendants' failure to disclose important and material facts.

**C.    Typicality**

41.    The claims of the named Plaintiff are typical of the claims of the class.  Plaintiff and all members of the class sustained injuries and damages arising out of and caused by

7

EXHIBIT A PAGE 15

1  Defendants' common fraudulent and deceptive practice of misleadingly publishing false salary

2  expectations of truck trainees and employees and/or failing to disclose that any paycheck issued

3  by Defendants was subject to enormous deductions.

4  **D.**   **Adequacy of Representation**

5       42.  Plaintiff will fairly and adequately represent and protect the interests of the members

6  of the class.  Counsel who represent Plaintiff are competent and experienced in litigating large

7  class actions.

8  **E.**   **Superiority of Class Action**

9       43.  A class action is superior to other available means for the fair and efficient

10  adjudication of this controversy.  Individual joinder of all class members is not practicable, and

11  questions of law and fact common to the class predominate over any questions affecting only

12  individual members of the class.  Each member of the class has been damaged and is entitled to

13  recovery by reason of Defendants' fraudulent and deceptive practice of advertising an estimated a

14  false salary of truck trainees and employees and/or failing to disclose that any paycheck issued by

15  Defendants was subject to enormous deductions.

16       44.  Class action treatment will allow those similarly situated persons to litigate their

17  claims in the manner that is most efficient and economical for the parties and the judicial system.

18  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

19  action that would preclude its maintenance as a class action.

20              **FIRST CAUSE OF ACTION**

21          **FRAUD/DECEIT (CONCEALMENT)**

22        **(Against All Defendants and DOES 1 though 30)**

23       45.  As a separate and distinct cause of action, Plaintiff, and the class, complains and re-

24  alleges all the allegations contained in this complaint, and incorporates them by reference into this

25  cause of action as though fully set forth herein, excepting those allegations which are inconsistent

26  with this cause of action.

27       46.  California Civil Code §1710 makes it unlawful to suppress a fact and also give

28  information of other facts which are likely to mislead for want of communication of that fact.

8

47.  Defendants suppressed a material fact when Defendants stated that Plaintiff and the class would make a certain amount of money upon graduating from C.R. ENGLAND trucking school and becoming employed by C.R. ENGLAND.

48.  Defendants were under a duty to disclose the fact to Plaintiff and the class the salary that Defendants asserted Plaintiff and the class would make was subject to enormous deductions so that Plaintiff and the class would not take home the amount estimated.

49.  The Defendants intentionally concealed the fact to defraud Plaintiff and the class and induce them to enter into contracts with Defendants C.R. ENGLAND, HORIZON and EAGLE and to continue in the employment of Defendants to pay off mounting debt to HORIZON and EAGLE.

50.  Plaintiff and the class was unaware of the fact that his salary would not total this estimate, and would at time constitute half of that "estimated" the class would not have entered into a contract for tuition with EAGLE, would not have gone to C.R. ENGLAND driving school, and would not have leased trucks with HORIZON to work as an employee for C.R. ENGLAND.

51.  Defendants did not believe it to be true and/or had no reasonable grounds to believe it to be true that Plaintiff, and the class members, would make the salary it advertised, especially given the enormous deductions taken from each paycheck.

52.  Defendants further knew that Plaintiff, and members of the class, would not have enrolled in the truck driving school, become employed by Defendants and/or lease a truck with Defendants if the deductions were disclosed.

53.  Defendants engaged in the above-mentioned conducted with the intent to willfully and or recklessly deceive Plaintiff and induce Plaintiff and the class to obtain financing, attend school, lease a truck and ultimately become employed by C.R. ENGLAND.

54.  Plaintiff and the class were injured by becoming severely indebted to Defendants, in the amount of deductions taken from Plaintiff and the class's paycheck, and in an amount according to proof.

55.  In doing the acts heretofore mentioned, Defendants acted maliciously, fraudulently, oppressively, and/or in conscious disregard of the rights of the Plaintiffs and the Plaintiff Class.

9

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

EXHIBIT A PAGE 17

1    The acts of the Defendants were despicable in that Defendants intended to defraud Plaintiff and

2    the putative class. The Plaintiff and the putative class seek exemplary and punitive damages

3    against the Defendants in an amount to be determined at the trial of this matter.

4       56.  By engaging in the aforementioned acts, Defendants injured Plaintiff and the class,

5    causing Plaintiff and the class to be damaged in amount according to proof.

6                              **SECOND CAUSE OF ACTION**

7                  **FRAUD/DECIET (INTENTIONAL MISREPRESENTATION)**

8                    **(Against All Defendants and DOES 1 though 30)**

9       57.  As a separate and distinct cause of action, Plaintiff complains and re-alleges all the

10   allegations contained in this complaint, and incorporates them by reference into this cause of

11   action as though fully set forth herein, excepting those allegations which are inconsistent with this

12   cause of action.

13      58.  Civ. Code §1572 prohibits the positive assertion, in any manner not warranted by the

14   information of the person making it, of that which is not true, though the person making the

15   assertion believes it to be true.  Civ. Code §1572 further prohibits the suggestion, as a fact, of that

16   which is not true, by one who does not believe it to be true.

17      59.  Defendants made the positive assertion that Plaintiff and the class would make

18   specific amounts of money during training, inducing Plaintiff and the class to attend the school,

19   retain financing and lease a truck through HORIZON, although the information available to

20   Defendants, including the enormous deductions that would be taken from each paycheck, indicate

21   Defendants did not believe these statements to be true and/or had no reasonable grounds to

22   believe it to be true.

23      60.  Plaintiff, and members of the class, would not have enrolled in the truck driving

24   school, become employed by Defendants and/or lease a truck with Defendants if the deductions

25   were disclosed.

26      61.  Defendant engaged in the above-mentioned conduct with intent to deceive Plaintiff

27   and the class and/ or to induce the other party to enter into the contract and remain employed by

28   Defendant C.R. ENGLAND.

---

10

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

EXHIBIT  A  PAGE  18

1    62.  Plaintiff and the class justifiably relied on the representations of Defendants in

2    entering into contract with Defendants were many of Plaintiff and the class were "new to the

3    industry" and therefore relied on Defendants representations concerning the trucking industry

4    where Defendants intended to target this class of individuals.

5    63.  By engaging in the aforementioned acts, Defendants, and each of them, repudiated

6    the contract, causing Plaintiff and the class to be damaged in amount according to proof.

7    **THIRD CAUSE OF ACTION**

8    **NEGLIGENT MISREPRESENATION**

9    **(Against All Defendants and DOES 1 though 30)**

10    64.  In the alternative, Plaintiff as a separate and distinct cause of action, complains and

11    re-alleges all the allegations contained in this complaint, and incorporates them by reference into

12    this cause of action as though fully set forth herein, excepting those allegations which are

13    inconsistent with this cause of action.

14    65.  Defendants represented to Plaintiff and the class that would/could make an certain

15    amounts of money;

16    66.  Defendants had no reasonable grounds for believing this estimation to be true;

17    67.  Defendants intended Plaintiff and the class to rely on this representation in order to

18    induce Plaintiff and the class to enter into an agreement;

19    68.  Plaintiff and the class reasonable relied on this representation.

20    69.  Plaintiff and the class were harmed in relying on this representation by entering into

21    the contract with Defendants causing Plaintiff and the class to incur substantial damages,

22    including incurring considerable debt;

23    70.  Plaintiff and the class's reliance on Defendants' representation was a substantial

24    factor in causing Plaintiff harm; and

25    71.  By engaging in the aforementioned acts, Defendants, and each of them, injured

26    Plaintiff and the class, causing Plaintiff and the class to be damaged in amount according to

27    proof.

28    ///

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

EXHIBIT A  PAGE 19

## FOURTH CAUSE OF ACTION

**UNFAIR COMPETITION PURSUANT TO BUSINESS & PROFESSIONS CODE § 17200**

**(Against All Defendants and DOES 1 though 30)**

72.  As a separate and distinct cause of action, Plaintiffs complains and re-allege all of the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

73.  This is an action for unfair business practices.  Plaintiffs brings this claim pursuant to Business and Professions Code § 17200, *et seq*.  The conduct of Defendants as alleged in this Complaint has been, and continues to be unfair, unlawful and harmful to Plaintiff and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

74.  Plaintiff is a person within the meaning of Business and Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution and other appropriate equitable relief.

75.  All of Defendants' marketing, advertising, publicity, promotional and sales efforts including, but not limited to, that as described herein, constitutes unfair competition, in violation of California Business and Professions Code §§ 17200 *et seq*., the Unfair Competition Law ("UCL"). Defendants have and continue to engage in conduct that is unfair and unlawful, through a pattern of misrepresentations and concealments that mislead and deceive the public with respect to the true nature of its products and services, by a pattern of failing to inform and by misleading the public about deductions that would be taken from C.R. ENGLAND trainee and students' paychecks, and misrepresenting the amount of trainee and student paychecks, through false and misleading statements and wrongful policies, procedures and acts.

76.  Defendants have also engaged in the other illegal practices alleged herein, such as fraud, deceit and concealment

77.  As a direct result of the conduct of the Defendants—whether unlawful, unfair, or deceptive—as herein alleged, Plaintiff and the class have lost money and have become indebted

12

EXHIBIT **A** F     20

1  to Defendants.

2      78.  Plaintiff and the class have suffered injury in fact and have lost money as a result of

3  Defendants' business acts, omissions, and practices as alleged herein.

4      79.  Unless restrained by this Court, Defendants, and each of them, will continue to

5  engage in the unlawful conduct as alleged above. Pursuant to Business and Professions Code, this

6  Court should make such orders or judgments, including the appointment of a receiver, as may be

7  necessary to prevent the use or employment, by Defendants, their agents or employees, of any

8  unlawful or deceptive practice prohibited by the Business and Professions Code and/or including,

9  but not limited to, disgorgement of profits which may be necessary to restore Plaintiffs to the

10  money Defendants have unlawfully failed to pay them.

11      80.  Plaintiffs, and all those similarly situated, accordingly are entitled to equitable relief

12  including injunctive relief, remedial or corrective action, full restitution and/or disgorgement.

13                 **FIFTH CAUSE OF ACTION**

14  **UNFAIR COMPETITION PURSUANT TO BUSINESS & PROFESSIONS CODE § 17500**

15          **(Against All Defendants and DOES 1 though 30)**

16      81.  As a separate and distinct cause of action, Plaintiffs complains and re-allege all of the

17  allegations contained in this Complaint and incorporates them by reference into this cause of

18  action as though fully set forth herein, excepting those allegations which are inconsistent with this

19  cause of action.

20      82.  Section 17500 of the California Business and Professions Code makes it unlawful for

21  any person, firm, corporation or association, or any employee thereof, with the intent to induce

22  the public to enter into any obligation, to make or disseminate or cause to be made or

23  disseminated in any newspaper or other publication, or any advertising device, or by public

24  outcry or proclamation, or in any other manner or means whatever, including over the Internet,

25  any statement which is untrue or misleading, and which is known, or which by the exercise of

26  reasonable care should be known, to be untrue or misleading.

27      83.  Defendants made the positive assertion that Plaintiff and the class would make

28  approximate amounts of money during training, inducing Plaintiff and the class to attend the

EXHIBIT  A  PAGE  21

1  school, retain financing and lease a truck through HORIZON, although the information available

2  to Defendant, including the enormous deductions that would be taken from each paycheck,

3  Defendant did not believe it to be true and/or had no reasonable grounds to believe it to be true

4  that Plaintiff, and the class members, would make the salary it advertised, especially given the

5  enormous deductions taken from each paycheck.

6        84.  Plaintiff, and members of the class, would not have enrolled in the truck driving

7  school, become employed by Defendants and/or lease a truck with Defendants if the deductions

8  were disclosed.

9        85.  Plaintiff and each of the members of the Plaintiff class relied on these untrue and

10  misleading statements or omissions disseminated via Internet website, advertising materials,

11  and/or at opportunity meetings.

12        86.  Pursuant to the provisions of Section 17535 of the California Business and

13  Professions Code, Plaintiffs, and others similarly situated, are entitled to injunctive relief, and to

14  be restored any money or property, which may have been acquired by Defendants by means of

15  the violations of Section 17500 of the California Business and Professions Code, as alleged

16  herein.

17        87.  As a direct result of the foregoing facts, Plaintiffs and the Plaintiff Class have

18  suffered injury in fact, and have lost money or property as a result of Defendants' business acts,

19  omissions, and practices as alleged herein.

20                                **RELIEF REQUESTED**

21        WHEREFORE, Plaintiff prays for himself and all others similarly situated, against

22  Defendant, jointly and severally, as follows:

23        1.     For compensatory damages in an amount according to proof;

24        2.     In award of prejudgment and post judgment interest;

25        3.     For restitution for unfair competition pursuant to Business and Professions Code

26              §17200, including disgorgement of profits, in an amount as may be proven;

27        4.     For restitution for false advertising pursuant to Business and Professions Code

28              §17500, including disgorgement of profits, in an amount as may be proven;

14

EXHIBIT A PAGE 22

1    5.    For an award providing for payment of costs of suit;

2    6.    For all applicable penalties;

3    7.    An award of attorneys' fees;

4    8.    Punitive Damages;

5    9.    Such other and further relief as this Court may deem proper and just.

6

7    DATED: June 17, 2010                    KESLUK & SILVERSTEIN, P.C

8

9                                           By

10                                             Douglas N. Silverstein, Esq.
                                               David A. Cohn, Esq.
11                                             Attorneys for Plaintiff WALTER MOUNCE
                                               and the Putative Class
12

13

14                              **JURY TRIAL DEMAND**

15         Plaintiff hereby demands a jury trial on all issues so triable.

16    DATED: June 17, 2010                    KESLUK & SILVERSTEIN, P.C.

17

18                                           By

19                                             Douglas N. Silverstein, Esq.
                                               David A. Cohn, Esq.
20                                             Attorneys for Plaintiff WALTER MOUNCE
                                               and the Putative Class
21

22

23

24

25

26

27

28

                                    15

EXHIBIT A PAGE 23